OPINION
{¶ 1} On January 13, 1997, appellant, Dan Moore, and appellee, Danielle Moore, were married. One child was born as issue of said marriage namely, Dahlia, born March 24, 1999. On May 18, 2000, appellee filed a complaint for divorce. Custody of the child was a contested issue.
 {¶ 2} On April 16, 2001, appellee received an ex parte civil protection order against appellant based upon a visitation dispute the preceding day. Evidentiary hearings before a magistrate were held on June 22, 2001 and September 5, 2001. By decision filed September 24, 2001, the magistrate recommended a five year civil protection order for the protection of appellee.
 {¶ 3} Appellant filed objections. By opinion filed January 29, 2002, the trial court denied the objections. A protection order was filed on March 11, 2002 and a judgment entry in accordance with the trial court's January 29, 2002 opinion was filed on March 14, 2002.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred in issuing a domestic violence full hearing civil protection order against appellant, as the findings of the court are against the manifest weight of the evidence."
 II {¶ 6} "The trial court erred in excluding testimony by appellant regarding sounds on the tape recording of the incident, as the evidence is relevant, within appellant's personal knowledge, and its exclusion affects a substantial right of appellant."
 III {¶ 7} "Appellant was prejudicially deprived of his United States and Ohio Constitutional rights to a fair trial due to the ineffective assistance of counsel."
 I {¶ 8} Appellant claims the trial court's decision was against the manifest weight of the evidence. We disagree.
 {¶ 9} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 10} Appellant filed objections to the magistrate's decision, but only filed a transcript of the June 22, 2001 hearing with the trial court when in fact as noted in the magistrate's decision two hearings were conducted and the decision was based on these two hearings. See, Magistrate's Decision filed September 24, 2001.
 {¶ 11} As properly noted by the trial court, a transcript must be provided for a review of the factual issues. Absent a transcript, the trial court is to presume regularity of the proceeding:
 {¶ 12} "Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ. R. 53(E)(3)(b).
 {¶ 13} We note both transcripts are now part of the record. The omitted transcript contains appellant's own testimony, the testimony of Arthur Ballantyne who did not see any bruising on appellee's face the day after the incident (T. at 7-8), the testimony of Sherri Miller, appellant's sister, who testified about the lack of domestic violence complaints (T. at 48), and rebuttal by appellee and the domestic violence coordinator, Linda Carnes, who observed bruising on appellee. T. at 58.
 {¶ 14} Because appellant did not provide the trial court with the entire record for review of the objections, we find the matter has not been properly preserved for appeal.
 {¶ 15} Assignment of Error I is denied.
 II {¶ 16} Appellant claims the trial court erred in excluding certain portions of his testimony wherein he attempted to interpret certain sounds on a tape recording. We disagree.
 {¶ 17} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 18} Appellant claims the following testimony should have been permitted:
"Q. Tell the Court exactly what happened (inaudible)
"A. Well, she tried to set me up into making people believe that I was . . .
"Q. Well, don't tell — let's not talk about what she was doing let's talk about what you were doing. What happened when you got there. What were those sounds that we heard?
"A. That was her smashing the door on my foot and there was a rustling there where I was — I actually squeezed through the door finally. You can actually hear it on the tape." September 5, 2001 T. at 14.
 {¶ 19} The audiotape was played for the magistrate. T. at 14. In her decision filed September 24, 2001, the magistrate determined the following:
 {¶ 20} "The Magistrate listened, twelve times, to Respondent's tape recording of the verbal exchange that afternoon. The Magistrate finds that the tape recording is not a recording of the entire verbal exchange between the parties. First, there is an interruption in the tape; a sound similar to activating the `pause' or `off' button on the recorder. Second, immediately after this interruption, Petitioner's voice is at a more heightened tone than prior to the interruption. Third, Petitioner is distinctly heard saying, `don't put your hands on me.' Petitioner surely didn't say this for the purposes of the tape since she didn't know Respondent was recording. Fourth, and perhaps most unbelievable, is Respondent's testimony that he was nearly twenty feet from Petitioner when she was yelling near the end of the tape recording. The tape recording becomes more clear and audible toward the end of the confrontation. The Magistrate does not believe that Respondent was twenty feet away when the recording becomes more audible."
 {¶ 21} The trial court also reviewed the tape. See, Opinion filed January 29, 2002. The trial court found the audiotape did not record the entire exchange between the parties and ruled it inadmissible:
 {¶ 22} "While this Court agrees with the respondent that neither the Magistrate or the Court are forensic audiologists, it is readily apparent that at least two distinct interruptions occur on the tape which `corrupt' the recording and make it evidence of only a part of the incident that occurred."
 {¶ 23} Appellant does not argue the characterization of the audiotape by the magistrate or trial court is in error. It is clear from their language the audiotape had no bearing on the decision and was not credible. Any explanation about the sounds would have been to an inadmissible and incredible piece of evidence. We fail to find any error by the magistrate and trial court. Further, the audiotape was presented as evidence by appellant at trial and supports what it was without appellant's coloring of the noises.
 {¶ 24} Assignment of Error II is denied.
 III {¶ 25} Appellant claims he was denied effective assistance of trial counsel because his trial counsel failed to have the September 5, 2001 hearing transcribed. We disagree.
 {¶ 26} We have previously held a civil protective order is a civil proceeding which does not result in incarceration in its application, therefore, a claim of ineffective assistance of trial counsel is not appropriate. See, Mottice v. Kirkpatrick, Stark App. No. 2001CA00103,2001-Ohio-7042.
 {¶ 27} Assignment of Error III is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Topic: Civil protection order is not against the manifest weight of the evidence.
By Farmer, P.J., Edwards. J. and Boggins, J. concur.